**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIMOTHY MARK HENRY,** | : CIVIL ACTION NO. 3:CV-04-1151 |
| | : |
| Petitioner | : (Judge Nealon) |
| | : |
| v. | : |
| | : |
| | : |
| **JOSEPH F. DESUTA,** | : |
| | : |
| Respondent | : |

**MEMORANDUM AND ORDER**

Petitioner, Timothy Mark Henry, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he attacks a conviction imposed by the Court of Common Pleas for Mifflin County, Pennsylvania. (Doc. 1). By Order dated June 16, 2004, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 6). On July 1, 2004, the Petitioner filed a notice of election form indicating that he wanted to proceed on the petition as filed. (Doc. 7). A Show Cause Order was issued on August 18, 2004. (Doc. 8). After being granted an enlargement of time, a response to the

petition was filed by the District Attorney of Mifflin County on September 24, 2004. (Doc. 15). Petitioner filed a traverse on October 15, 2004. (Doc. 17). The petition is ripe for consideration and, for the reasons that follow, will be dismissed.

**Background**

On November 17, 1994, after a jury trial conducted in the Court of Common Pleas of Mifflin County, the Petitioner was convicted of rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault and corruption of minors. (Doc. 1, petition). On January 5, 1995, Petitioner was sentenced to an eleven (11) to twenty-two (22) year term of imprisonment.

Trial counsel filed a direct appeal on February 3, 1995. On February 28, 1996, the Pennsylvania Superior Court affirmed the judgment of the trial court. The appeal to the Superior Court was based solely upon the discretionary aspect of petitioner's sentence. No petition for allowance of appeal to the Pennsylvania Supreme Court was filed.

On February 12, 1997, Petitioner filed a Motion for Post Conviction Relief. On February 5, 1998, counsel was appointed to represent Petitioner. An amended PCRA petition was then filed. After a hearing, the PCRA Court denied the petition on May 6, 1999. He appealed the denial to the Pennsylvania Superior Court. On April 16, 2002, the Superior Court affirmed the PCRA Court's denial of relief.

Petitioner then filed a Motion for Modification of Sentence Nunc Pro Tunc, which,

2

after being denied by the trial court, was denied by the Pennsylvania Superior Court on April 30, 2002 and again by the Pennsylvania Supreme Court on September 4, 2002.  He subsequently filed a similar motion with the trial court on April 10, 2003, which denied the Motion on April 30, 2003.  Petitioner originally filed the present petition for writ of habeas corpus on April 30, 2004, in the United States District Court for the Western District of Pennsylvania. By Order dated May 26, 2004, it was transferred to the Middle District, where it was filed on May 28, 2004.  In his response dated September 24, 2004, Respondent asserts that the instant petition is time barred.

**Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see generally</u>, <u>Jones v. Morton</u>, 195 F.3d. 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), the period of time for

3

filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998)(<u>per</u> <u>curiam</u>); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).  It is <u>not</u> the termination of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings."). Where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996.  Burns v. Morton, 134 F.3d 109, 111  (3d Cir. 1998); <u>see</u> <u>also</u> Harris, 209 F.3d at 328.

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court.  Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run.  A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules

4

governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).  "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001).  Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.  Jones, 195 F.3d at 158.

In this case, the Petitioner's conviction became final on direct review prior to the enactment of the AEDPA in April of 1996.  Thus, the clock for filing a § 2254 petition began on April 24, 1996 , and he had until April 23, 1997, to file a timely habeas corpus petition.  Burns, 134 F.3d at 111.  Pursuant to 28 U.S.C. § 2244(d)(2), when Petitioner filed his first PCRA petition on February 12, 1997, the AEDPA's filing period was statutorily tolled with approximately two (2) months and eleven (11) days of the one (1) year filing period remaining.  See Harris, 209 F.3d at 328.  When the Pennsylvania Superior Court affirmed the PCRA Court's denial on April 16, 2002, the statutory period again started to run.  Consequently, Petitioner was required to commence his habeas corpus action on or before June 27, 2002.  Petitioner originally filed this petition for writ of habeas corpus on April 30, 2004, in the

5

United States District Court for the Western District of Pennsylvania. By Order dated May 26, 2004, it was transferred to the Middle District, where it was docketed on May 28, 2004. Thus, the petition for habeas corpus relief under § 2254 appears to be barred by the statute of limitations.[1]

However, the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted). In his traverse, the Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Petitioner's nunc pro tunc motion to seek discretionary review of his sentence, filed with the trial court on April 10, 2003 does not toll the one year statute of limitations. Thus, equitable tolling is inapplicable in this matter and the petition will be dismissed.

---

[1] Even if this Court were to calculate the one year period of limitations from the September 21, 2002 date of the Pennsylvania Supreme Court's denial of Petitioner's leave for allowance of appeal from his motion for modification of sentence, the petition would still be time barred.

An appropriate Order is attached.

<u>s/ William J. Nealon</u><br>
**United States District Judge**

Dated: April 26, 2005

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIMOTHY MARK HENRY,** | : CIVIL ACTION NO. 3:CV-04-1151 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| **JOSEPH F. DESUTA,** | : |
| Respondent | : |

## ORDER

**AND NOW,** this 26th day of April, 2005, for the reasons set forth in the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to CLOSE this case.

3. There exists no basis for the issuance of a Certificate of Appealability.

                                        s/ William J. Nealon
                                        **United States District Judge**